UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-21576-Civ-SEITZ
       (95-00605-Cr-SEITZ)
MAGISTRATE JUDGE P.A. WHITE

ANDRE SCALES,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

**REPORT RE DISMISSAL FOR FAILURE TO OBTAIN AUTHORIZATION PURSUANT TO 28 U.S.C. §2244(b)(3)**

## I. INTRODUCTION

This matter is before the court on movant's second *pro se* motion to vacate, filed under 28 U.S.C. § 2255. His motion attacks the constitutionality of his judgment of conviction in Case No. 95-00605-Cr-SEITZ.

This case has been referred to the undersigned for consideration and report. DE#2.[1] The undersigned has reviewed the entire record, including the operative § 2255 motion. DE#1. As discussed below, the motion should be dismissed for lack of jurisdiction.

## II. BACKGROUND

In the underlying criminal case, movant "was charged by Indictment with conspiracy to possess with intent to distribute a

---

[1] When a full case number does not precede it, "DE#" refers to docket entries in the instant case. By contrast, when a case number precedes it, "DE#" refers to a docket entry in the specified case.

detectable amount of cocaine . . . , and two counts of possession with intent to distribute cocaine. . . ." Case No. 01-Civ-03895-SEITZ, DE#4 at 2.[2] [3] "He proceeded to jury trial, and was found guilty as charged. . . ." Case No. 01-Civ-03895-SEITZ, id. "The Court sentenced him to life imprisonment, followed by ten years of supervised release. . . ." Case No. 01-Civ-03895-SEITZ, id.

After his conviction was affirmed on direct appeal, movant filed a § 2255 motion to vacate. Case No. 01-Civ-03895-SEITZ, DE#1. The court denied the motion on the merits. Case No. 01-Civ-03895-SEITZ, DE##4, 7.

Movant's instant § 2255 motion to vacate was docketed on April 20, 2018. DE#1. He raises new claims of ineffective assistance of counsel. See generally id.

### III. DISCUSSION

Rule 4 of the Rules Governing § 2255 Proceedings provides that, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." Consistently, the Supreme Court has stated that "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face[.]" McFarland v. Scott, 512 U.S. 849, 856 (1994) (citation omitted);

---

[2] Unless otherwise noted, all page citations for docket entries refer to the page stamp number located at the top, right-hand corner of the page.

[3] Courts may consider "the record of prior proceedings" to rule on a § 2255 motion. See Rule 4(b), Rules Governing Section 2255 Proceedings; see also 28 U.S.C. § 2255(b) (courts must review "the files and records of the case").

2

Hart v. United States, 565 F.2d 360, 361 (5th Cir. 1978) (per curiam) ("Rule 4(b) of [§] 2255 allows the district court to summarily dismiss the motion . . . if it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief[.]"). In reviewing a motion under Rule 4, courts must construe it liberally. See Enriquez v. Fla. Parole Comm'n, 227 F. App'x 836, 837 (11th Cir. 2007) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)).

"[F]ederal prisoners who want to file a second or successive motion to vacate, set aside, or correct a sentence must move the court of appeals for an order authorizing the district court to consider the second or successive motion." In re Blackshire, 98 F.3d 1293, 1293 (11th Cir. 1996) (per curiam) (citing 28 U.S.C. § 2244(b)(3)(A)). "Without authorization, the district court lacks jurisdiction to consider a second or successive [motion to vacate]." Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003) (citation omitted).

However, "the phrase 'second or successive' is not self-defining and does not refer to all habeas applications filed second or successively in time." Stewart v. United States, 646 F.3d 856, 859 (11th Cir. 2011) (citing Panetti v. Quarterman, 551 U.S. 930, 943–44 (2007)). For instance, "second or successive status only attaches to a judgment on the merits." Boyd v. United States, 754 F.3d 1298, 1302 (11th Cir. 2014) (citing, *inter alia*, Slack v. McDaniel, 529 U.S. 473, 485–86 (2000)). Furthermore, a "vacatur-based claim [that] did not exist until after the proceedings on [the] initial § 2255 motion concluded[]" is not

3

subject to "second or successive" restrictions. Id.[4]

Additionally, when there is a "resentencing [leading] to a new judgment, [a subsequent § 2255 motion] challenging that new judgment cannot be 'second or successive' such that § 2244(b) would apply." Magwood v. Patterson, 561 U.S. 320, 331 (2010). Similarly, "when [a subsequent § 2255 motion] is the first to challenge a new judgment, it is not 'second or successive,' regardless of whether its claims challenge the sentence **or** the underlying conviction." Insignares v. Sec'y, Fla. Dep't of Corr., 755 F.3d 1273, 1281 (11th Cir. 2014) (per curiam) (emphasis added).

Here, movant's § 2255 motion is successive. As noted, the court has already denied a prior § 2255 motion on the merits. Furthermore, movant does not allege that he has applied for and obtained the necessary authorization from the Eleventh Circuit. Additionally, a search of the Public Access to Court Electronic Records ("PACER") website does not show that he filed said application. Moreover, movant has not alleged, much less adequately shown, that any of the exceptions discussed above is present.[5]

---

[4] Movant alleges throughout his motion that prior Florida convictions were improperly used to enhance his sentence. See, e.g., DE#1 at 16-18. However, he never alleges, much less adequately shows, that the prior convictions were vacated.

[5] Nor could the court construe the § 2255 motion as a motion under Rule 60(b) of the Federal Rules of Civil Procedure. The Supreme Court has held that "a Rule 60(b) motion is to be treated as a successive habeas petition if it: (1) 'seeks to add a new ground of relief;' or (2) 'attacks the federal court's previous resolution of a claim on the merits.'" Williams v. Chatman, 510 F.3d 1290, 1293–94 (11th Cir. 2007) (per curiam) (quoting Gonzalez v. Crosby, 545 U.S. 524, 532 (2005)). Here, movant seeks to add new grounds of relief from his judgment of conviction in the underlying criminal case.

4

In short, movant has filed a "second or successive" § 2255 motion without the necessary authorization from the Eleventh Circuit. Thus, the court lacks jurisdiction over his motion. Accordingly, it should be dismissed.[6]

### IV. **CERTIFICATE OF APPEALABILITY**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. "If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Id. "If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Id. "A timely notice of appeal must be filed even if the district court issues a certificate of appealability." Rule 11(b), Rules Governing § 2255 Proceedings.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects a movant's constitutional claims on the merits, "a petitioner must show that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve

---

[6] The court will provide movant with a form to apply for such authorization. Furthermore, movant alleges that he has filed his motion within one year of the "date on which the facts supporting the . . . claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4); see also DE#1 at 3-6. Therefore, out of an abundance of caution, the case should be stayed and directly transferred to the Eleventh Circuit pursuant to 28 U.S.C. § 1631.

5

encouragement to proceed further." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003) (citing <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)). By contrast, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack</u>, 529 U.S. at 484.

Here, in view of the entire record, the undersigned denies a certificate of appealability. If movant disagrees, he may so argue in any objections filed with the district court. <u>See</u> Rule 11(a), Rules Governing § 2255 Proceedings ("Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue.").

## V. **RECOMMENDATIONS**

Based on the foregoing, it is recommended:

1. That movant's § 2255 motion (DE#1) be DISMISSED for lack of jurisdiction;

2. That he case be STAYED and directly TRANSFERRED to the Eleventh Circuit under 28 U.S.C. § 1631.

3. That no certificate of appealability issue;

4. That the case be ADMINISTRATIVELY CLOSED;

6

5. That, if movant obtains the necessary authorization from the Eleventh Circuit, he be required to notify this Court of the same within **thirty (30) days** of receiving the said authorization so that the stay may be lifted and that he may proceed on his authorized petition; and

6. That, if movant obtains the necessary authorization from the Eleventh Circuit, but fails to timely notify the Court of the same as described in the preceding paragraph, movant be prohibited from proceeding on his authorized petition and that the case remain closed.

Objections to this report may be filed with the district judge within fourteen days of receipt of a copy of the report.

SIGNED this 1st day of May, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

Copies provided:

Andre Scales
44402-004
Springfield
Medical Center for Federal Prisoners
Inmate Mail/Parcels
Post Office Box 4000
Springfield, MO 65801
PRO SE

Noticing 2255 US Attorney
Email: usafls-2255@usdoj.gov

7

8